IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROBERT R. MEADES,                           )
                                            )
                    Petitioner,             )
                                            )
        v.                                  )   C.A. No. 25-838-CFC
                                            )
BRIAN EMIG, Warden, and                     )
ATTORNEY GENERAL OF THE                     )
STATE OF DELAWARE,                          )
                                            )
                    Respondents.            )

**MEMORANDUM ORDER**

Pending before the Court is Petitioner Robert R. Meades' Motion for Reconsideration. (D.I. 7)

## I.    BACKGROUND

On July 7, 2025, Petitioner filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (D.I. 3) By Order dated August 20, 2025, the Court dismissed the Petition without prejudice for lack of subject matter jurisdiction as a second or successive petition for which Petitioner had not obtained prior approval from the Court of Appeals, as required by 28 U.S.C.

§ 2244(b)(3)(A)).[1]  (D.I. 6)  Thereafter, Petitioner filed a Motion for Reconsideration dated September 2, 2025.  (D.I. 7)

## II.    STANDARD OF REVIEW

A motion for reconsideration may be filed pursuant to Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure.  Motions under Rules 59(e) and 60(b) serve similar functions, but each has a particular purpose.  *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003).  Rule 59(e) motions are to "alter or amend a judgment" and "must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e).  "The Rule gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision."  *Banister v. Davis*, 590 U.S. 504, 508 (2020) (citing *White v. New Hampshire Dept. of Emp. Sec.*, 455 U.S. 445, 450 (1982)).  To prevail on a Rule 59(e) motion, the moving party must show one of the following:  "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *See United States ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d

---

[1]     "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

2

837, 848–49 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) permits a court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). A motion filed pursuant to Rule 60(b) is directed to the sound discretion of the trial court. *See Pierce Ass'n, Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

## III.  <u>DISCUSSION</u>

In his Motion, Petitioner states he is seeking reconsideration pursuant to Rule 60(b). As the Motion would be timely filed under Rule 59(e), the Court will liberally construe it under both rules. Petitioner, however, has not alleged any of the grounds for relief pursuant to either Rule 59(e) or 60(b). Petitioner does not assert

3

that there is an intervening change in the controlling law, new evidence, or the need to correct a clear error of law or fact or to prevent manifest injustice – as required to prevail under Rule 59(e). Nor has he asserted any grounds sufficient for relief under Rule 60(b). In fact, Petitioner does not allege any grounds for relief related to the Court's determination that his Petition is an unauthorized second or successive petition. In his Motion, Petitioner instead argues that "his multiple mental health disabilities had prevented him from effectively filing a timely appeal of his First Rule 61 Postconviction Relief." (D.I. 7 at 1) For relief, Petitioner requests that his impairment be considered an extraordinary circumstance such that equitable tolling applies and "he is not time barred." (D.I. 7 at 3) The Court, however, did not dismiss the instant Petition as time barred, but rather as an unauthorized second or successive petition.[2] As stated in the Court's August 20, 2025 Order, the Court does not have jurisdiction over second or successive petitions unless the Third Circuit Court of Appeals authorizes the district court to consider the petition. (D.I. 6)

## IV.    CONCLUSION

THEREFORE, at Wilmington on this ___1st___ day of May 2026 and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

---

[2]    Petitioner's first petition for habeas corpus relief, filed in C.A. No. 20-229-RGA, was dismissed as time barred on August 2, 2022. As stated above, the instant Petition was not.

4

1.      Petitioner Robert R. Meades' Motion for Reconsideration (D.I. 7) is

**DENIED**.

2.      To the extent one is required, the Court declines to issue a certificate of appealability because Petitioner has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

_____
Colm F. Connolly
Chief Judge

5